*304 The Chief Justice, delivered the following opinion of the court: — -A bill in chancery was exhibited by Bris-coe, in the Nelson circuit court, in the year 1800 ; the answers being filed, replications were taken and commissions awarded in March 1804 ; and the cause set foi* *305 bearing in August, in the same year. At the March term 1805, the complainant was called, and not appearing, his default was recorded, and his injunction and bill dismissed.
, Jr'fuch application is not made, it is too late to apply to this court for redrefs*
See Coleman vs* Harr ¡fon circuit court\ ante 171.
The first assignment of error alleges, that the cause was set for hearing, before the expiration of six months after replication and commission (a). The second alleged, that the court erred in dissolving the injunction, and dismissing the bill, without notice, and upon the irregular manner in which the suit was set for hearing.
The first assignment, is true in fact,; the second is predicated upon the calling of the complainant, Briscoe, in court, at the March term 1805.
The first was an irregularity in the clerk’s office, which tnight have been corrected by an application to that court. This was not made ; and the application to this court, is in the nature of tv request to exercise original', and not appellate jurisdiction!
As to the second ; the complainant was bound to attend to his suit; and if the clerk had committed a mistake in the office, he ought to have been in court in proper time, to ask redress, or to answer when called. His failing to appear, was properly recorded by the court ; and the judgment of dismission, for the want of prosecution, was correct. It is too late now, to come into this court for redress.
The case Dalby vs. Price, 2 Wash. 191, Was upon aa appeal from a decree, and not upon a dismission for want of prosecution ; and in this respect, the cases are dissimilar. But if that case turned upon the irregularity, with! out an exception thereto in the inferior court, then the distinction between original and appellate jurisdiction; seems not to have been duly attended to. Briscoe is not barred by the dismission from commencing a new süit¿ if he shall think he has equity.
Order of dismission affirmed!

 Ads of 1796-7.» p- 59 § 34, 1 Biad, a55-